# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| | : |
| KYLE RAINEY, | : CIVIL ACTION |
|    Petitioner, | : |
| | : No. 09-2537 |
|      v. | : |
| | : |
| DISTRICT ATTORNEY'S OFFICE OF | : |
| PHILADELPHIA et al., | : |
|    Respondents | : |
| | : |

## MEMORANDUM

YOHN, J.                                                                December 10, 2009

      Kyle Rainey moves, pursuant to Federal Rule of Civil Procedure 60(b) and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), to set aside the December 13, 2000 dismissal of his motion for habeas relief pursuant to 28 U.S.C. § 2254. Rainey asserts that he is entitled to relief from that dismissal because the underlying judgment is "void" and tainted by fraudulent conduct by state officials. In addition to a reopening of his federal habeas proceedings, Rainey seeks discovery, an evidentiary hearing, appointment of counsel, and appointment of an expert on the issue of eyewitness identification. (Pet'r's Additional Am. Pet.-Mot. 3, Oct. 21, 2009.) For the reasons set forth below, I conclude that Rainey has failed to allege any fraud or misconduct that would justify setting aside the judgment in the original § 2254 proceedings. I will therefore deny Rainey's motion to set aside that judgment. To the extent that Rainey's motion seeks to re-argue the merits of his original habeas motion or sets forth new grounds for habeas relief, I will dismiss the motion as an unauthorized successive petition under 28 U.S.C. § 2244(b).

**I. Factual and Procedural History[1]**

On March 26, 1994, three men robbed Bright Jewelers, a Korean-owned store in Philadelphia. During the ensuing police investigation, Sam Lee, the owner of the store who had been present at the time of the robbery, identified Rainey from a photograph array as the "lookout" man. According to Rainey, police investigators later conducted a "line-up" identification, at which Lee chose a "fill-in" instead of Rainey as the lookout man. ("Petition-Motion Under Fed.Rules.Civil Procedures Rule 60(b)(3)(4)(6) and/or Hazel-Atlas Motion Seeking Relief [sic]" ("Pet'r's Mot.") 5, June 4, 2009.) Rainey's trial counsel filed a pre-trial motion seeking to suppress Lee's identification, arguing that the photo array was unduly suggestive.[2] The trial court denied the suppression motion. Rainey was ultimately convicted of involvement in the robbery.[3]

---

[1] Unless otherwise noted, I derive the relevant facts from the following state and federal court opinions, contained in the appendix to the District Attorney's response to Rainey's motion: *Commonwealth v. Rainey*, No. 383 Phila. 1996 (Pa. Super. Ct. June 25, 1997) (direct appeal); *Commonwealth v. Rainey*, No. 1871 Phila. 1998 (Pa. Super. Ct. Aug. 5, 1999) (first PCRA); *Rainey v. Varner*, No. 00-2086 (E.D. Pa. Nov. 1, 2000) (report and recommendation of magistrate judge on first § 2254 petition); and *Rainey*, No. 00-2086 (E.D. Pa. Dec. 13, 2000) (order dismissing first § 2254 petition).

[2] Although the record before me does not state the grounds on which Rainey's attorney sought to suppress the array, Rainey has consistently argued since that time that the identification was overly suggestive because he had the "roundest, heaviest-looking" face in the array. *See Rainey*, No. 383 Phila. 1996, slip op. at 6.

[3] In a separate jury trial, Rainey was also convicted of involvement in a robbery of Sun Jewelry, also a Korean-owned store. The two robberies appeared to be part of a pattern of criminal behavior and there was significant evidentiary overlap as between the two trials. *See Rainey*, No. 383 Phila. 1996, slip op. at 2-4. Rainey is also currently pursuing habeas relief from the Sun Jewelry conviction. That matter is currently pending before the Third Circuit. *Rainey v. Dist. Att'y*, No. 08-1714 (3d Cir. filed Mar. 12, 2008). Rainey has also engaged in extensive litigation in state and federal court regarding other matters, such as prison conditions and the administration of other, unrelated criminal sentences. (*See* Response to Pet'r's Rule 60(b) Mot. & *Hazel-Atlas* Pet., Exhibits O- T.) However, the motion before me relates solely to Rainey's conviction for the Bright Jewelers robbery.

Rainey directly appealed his conviction. On appeal, Rainey claimed, *inter alia*, that the trial court erred in failing to suppress the photo array and Lee's identification testimony at trial. The Superior Court concluded that Rainey had waived this claim of error by failing to include the photo array in the record on appeal. Rainey then sought state post-conviction relief pursuant to the Post-Conviction Relief Act (PCRA), alleging that his counsel on direct appeal was ineffective in failing to appeal from the Superior Court's dismissal of his appeal. *See Rainey*, No. 1871 Phila. 1998, slip op. at 4. The PCRA court denied relief and the Superior Court affirmed on August 5, 1999. *Id.* at 1.

On April 21, 2000, Rainey filed a petition pursuant to 28 U.S.C. § 2254 for relief from his conviction and sentence. *Rainey*, No. 00-2086. Rainey argued that the state trial court denied him due process of law by failing to suppress Lee's identification in contravention of *Neil v. Biggers*, 409 U.S. 188, 196-97 (1972) (holding that an identification procedure may be so likely to lead to a mistaken identification that its use violates the due process guarantee in the Fourteenth Amendment). After referring the matter to the late magistrate judge Peter B. Scuderi, I adopted Judge Scuderi's conclusion that Rainey's identification claim was procedurally defaulted because Rainey had failed to preserve that claim on direct appeal.[4] I further adopted Judge Scuderi's conclusion that, even if Rainey's claim were not procedurally defaulted, it lacked merit. The state trial court had considered Rainey's objection to the photo array and determined that the array was

---

[4] Rainey failed to show cause and prejudice for his procedural default. As Judge Scuderi noted, ineffective assistance of counsel can constitute "cause" for a procedural default only if the petitioner has either (1) presented an ineffective assistance claim to the state court, or (2) shown cause and prejudice for the failure to pursue such an ineffective assistance claim at the state level. Rainey failed to do either of these, nor did he establish any other good cause for the default. *See Rainey*, No. 00-2086, slip op. at 19 n.5 (Nov. 1, 2000) (report and recommendation) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)); *Id.*, slip op. at 1 n.1 (Dec. 13, 2000) (order denying and dismissing petition for writ of habeas corpus).

not unduly suggestive, and Rainey had not presented adequate evidence that this determination on the part of the state court was unreasonable. Rainey's other constitutional claims also lacked merit, and I therefore denied and dismissed Rainey's habeas petition. *Rainey*, No. 00-2086 (Dec. 13, 2000). The Third Circuit denied Rainey's request for a certificate of appealability. *Rainey v. Varner*, No. 00-4426 (3d Cir. Sept. 13, 2001).

Rainey then filed a second PCRA petition on October 23, 2002. In this petition, Rainey argued, *inter alia*, that counsel on direct appeal had been ineffective in failing to preserve his identification claim on direct appeal. Rainey also argued that he was "denied due process of law when the Commonwealth failed to provide him with a photographic array," presumably the same array to which he refers in his current motion. *See Commonwealth v. Rainey*, No. 338 EDA 2004, slip op. at 1 (Pa. Super. Ct. Dec. 30, 2004). The PCRA court dismissed this petition and the Superior Court affirmed the dismissal on December 30 2004, finding that the petition was untimely. *Id.* at 1-2.

In 2005, Rainey filed two Rule 60(b) motions for relief from the denial of his first habeas petition. The first of these, filed on January 14, 2005, and assigned to the Honorable Timothy J. Savage, purported to present "new evidence" of innocence, challenged the state court's dismissal of his second PCRA petition, and challenged the sentencing process under *Blakely v. Washington*, 542 U.S. 296, 313-14 (2004) (holding that "every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment," including any factual grounds for imposition of sentence beyond statutory maximum). It also alleged that state officials had interfered with the Superior Court's review of the identification issue on direct appeal and that Rainey's trial counsel had been ineffective in failing to preserve that issue on appeal. Judge Savage found that the motion was actually a successive petition for habeas relief and transferred

the matter to the Third Circuit for authorization, which the Third Circuit denied. *Rainey v. Wydner*, No. 05-182 (E.D. Pa. Apr. 19, 2005); *In re Rainey*, No. 05-2271 (3d Cir. June 2, 2005).

On August 11, 2005, Rainey filed his second Rule 60(b) motion, again raising the identification issue. I dismissed Rainey's motion on October 12, 2006, finding that the motion was essentially an attempt to relitigate the identification claim he had raised in his first habeas petition. *Rainey v. Wydner*, No. 05-4272, 2006 U.S. Dist. LEXIS 74314, at *8-9 (E.D. Pa. Oct. 12, 2006); *see* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").[5]

On October 25, 2006, Rainey filed yet another Rule 60(b) motion in this court, which Rainey characterized as a "re-filing" of the motion that I had dismissed earlier that month. Motion, *Rainey v. Wynder*, No. 06-4789, 2007 U.S. Dist. LEXIS 55212 (E.D. Pa. July 30, 2007). Rainey argued that the previous Rule 60(b) motion had been improperly dismissed. On January 19, 2007, Rainey submitted an "amended petition" seeking relief directly from Article III of the United States Constitution. I denied and dismissed the amended motion on July 30, 2007.[6] Rainey sought a certificate of appealability from the Third Circuit, which the Third Circuit denied. *Rainey*

---

[5] Rainey also raised a claim of newly discovered evidence of his innocence. This claim was not previously litigated but was untimely under Rule 60(b). To the extent that it could possibly be considered a second or successive habeas petition, I referred that claim to the Third Circuit for possible certification, which the Third Circuit denied. *In re Rainey*, No. 06-4529 (3d Cir. May 25, 2007).

[6] Rainey also filed during these proceedings a motion pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C), seeking discovery of all information in the possession of the District Attorney's Office concerning another witness at Rainey's trial. This information is not apparently relevant to Rainey's claim regarding Lee's identification of him. Because this rule is inapplicable in the context of § 2254 or Rule 60(b), I denied this motion in a separate order on July 30, 2007. *Rainey*, No. 06-4789 (docket entry #7). Rainey then filed two identical motions related to that Rule 6 motion and the clerk's office assigned one of the identical motions to a new case number. I denied those motions as well. *See Rainey*, No. 06-4789 (Dec. 2, 2008); *Rainey v. Dist. Att'y's Ofc.*, No. 08-4647 (E.D. Pa. Dec. 2, 2008).

*v. Wynder*, No. 07-3448 (3d Cir. Nov. 7, 2007). On November 7, 2008, Rainey submitted a third

application for leave to file a successive habeas petition, which Third Circuit also denied. *In re*

*Rainey*, No. 08-4408 (3d Cir. Feb. 20, 2009).

On June 2, 2009, Rainey filed yet another motion in this court seeking relief under Rule

60(b) and under *Hazel-Atlas*. He later submitted numerous amendments to that motion and a reply

to the Philadelphia District Attorney's response. Because neither the initial motion nor the

subsequent amendments state a valid claim for relief, I will deny this motion.

## II. Legal Standards

### A. Rule 60(b)

Rule 60(b) enables a party to move for relief from a judgment based on the following

grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence which by due diligence could not have been discovered in time to move
> for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment should have
> prospective application; or (6) any other reason justifying relief from the operation
> of the judgment.

Fed. R. Civ. P. 60(b). Motions based on subsections (b)(1) through (b)(3) may not be filed more

than one year after the judgment; those based on the remaining subsections must be filed within a

"reasonable time." *Id.* at 60(c)(1).

The Third Circuit has held that "a Rule 60(b) motion may not be used as a substitute for

appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion," *Smith v.*

*Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citing *Martinez-McBean v. Gov't of the Virgin Islands*,

562 F.2d 908, 912 (3d Cir. 1977)).

Moreover, Rule 60(b) may not be used to circumvent the restrictions that Congress has placed on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Thus, a Rule 60(b) motion to set aside a federal habeas court's decision may not raise grounds for habeas relief or attack "the federal court's previous resolution of a claim *on the merits*." *Id.* at 532. On the other hand, a petitioner may seek relief pursuant to Rule 60(b) when there has been "some defect in the integrity of the federal habeas proceedings" and the motion "confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding." *Id.* at 532, 534.

**B. *Hazel-Atlas***

Federal Rule of Civil Procedure 60(d)(1) "preserves whatever power federal courts had prior to the adoption of Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity." 12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 60.80 (3d ed. 2009). One such power is the inherent equitable power to vacate a judgment that has been obtained through the commission of fraud on the court. *Universal Oil Prods. Co. v. Root Ref. Co.*, 328 U.S. 575, 580 (1946); *Hazel-Atlas*, 322 U.S. at 244-45. However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Unlike motions pursuant to Rule 60(b)(3), there is no precise statute of limitations for bringing a fraud on the court claim. *Hazel-Atlas*, 322 U.S. at 244, 248.

An action asserting fraud on the court must meet a very demanding standard in order to justify upsetting the finality of the challenged judgment. The Third Circuit described this standard as follows:

In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence.

*Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005) (internal footnote, quotation marks, and citation omitted). Such "egregious misconduct" may include "'bribery of a judge or jury or fabrication of evidence by counsel.'" *id.* at 390 (quoting *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976)).

## III. Discussion

### A.     Rainey's Previous Rule 60(b) Motions

Rainey's previous Rule 60(b) motions failed to allege any "'defect in the integrity of the federal habeas proceedings.'" *Rainey*, 2007 U.S. Dist. LEXIS 55212, at *9-10 (quoting *Gonzalez*, 545 U.S. at 532). Rainey failed to "explain how the original habeas decision was fraudulent, due to the misconduct of an adverse party, was void, or provide 'any other reason justifying relief from the operation of the judgment.'" *Rainey*, 2006 U.S. Dist. LEXIS 74314, at *9 (quoting Fed. R. Civ. Pro. 60(b)(6)). Although Rainey argued in his 2006 motion pursuant to Rule 60(b) that he "never received adjudication on the merits of his claims, so that's the defect in the integrity of the first federal habeas action . . . which was dismissed on procedural grounds, not on the merits," Petitioner's Motion at 3, *Rainey*, 2007 U.S. Dist. LEXIS 55212 (citation and miscellaneous punctuation omitted), mere failure to reach the merits of a case is not a sufficient reason to set aside a judgment pursuant to Rule 60(b). *Rainey*, 2007 U.S. Dist. LEXIS 55212, at *9-10. Moreover, all of the arguments that Rainey made in his 2006 motion could have been made on appeal of his 2005 motion, rather than in a second 60(b) motion. *Id.* at *10 (citing *Smith*, 853 F.2d

8

at 158; *Hazel v. Smith*, 190 F. App'x 137, 138 (3d Cir. 2006) ("[Habeas petitioner's] motion contains no arguments which could not have been raised on appeal, making Rule 60(b) inappropriate.").

### B.    Rainey's Current Motion

Apparently in response to my findings that his earlier Rule 60(b) motions did not allege any defect in the integrity of the habeas proceedings, Rainey now argues that the court's initial habeas determination is "clearly void" because the court was "prohibited from reviewing the photo array in question" to determine whether Rainey actually had the "roundest, heaviest looking face" of all the individuals in the array. (Pet'r's Mot. 4.) Rainey further argues that the decision was void because the court in the original habeas proceedings gave insufficient consideration to the fact that the owner of Bright Jewelers picked a "fill-in," and not Rainey, during a line-up, and because the federal court failed to consider adequately all the factors set forth in *Biggers*, 409 U.S. at 198-200, to determine whether the identification procedure was unacceptably likely to lead to a mistaken identification.[7] (Pet'r's Mot. 5-6.) In addition, Rainey alleges that the Philadelphia Assistant District Attorney (ADA), Joel Rosen, committed "fraud on all appellate courts" by retrieving the photo array from the state trial court after the end of trial.[8] (Pet'r's Mot. 9-11.)

---

[7] Rainey also claims that he is entitled to relief under Rule 60(b)(6). However, Rainey has already filed two actions for relief under 60(b)(6) and, aside from his arguments pursuant to Rule 60(b)(3) and (4), has not since that time identified any new reasons justifying relief.

[8] The trial transcript reveals that, after the jury had returned its verdict, Rosen retrieved certain evidence, apparently including the photo array, from the trial court because the District Attorney's Office needed this evidence for an upcoming homicide trial involving another defendant. (Pet'r's Am. Mot., Ex. A at 34-35, Sept. 21, 2009 (excerpt of trial transcript).) Rainey appears to argue that, in doing so, the ADA made the photo array unavailable to Rainey or to the reviewing courts. (Pet'r's Am. Mot. ¶ 5.)

I note that, in his August 11, 2005, Rule 60(b) motion, Rainey argued that the reason the array was not part of the record on direct appeal was because his attorney on direct appeal, Kalvin Kahn, had negligently failed to request it. Rainey included an affidavit to this effect,

According to Rainey, Rosen's retrieval of the array prevented the appellate courts from reviewing it to determine whether it was unduly suggestive.

### 1. Rule 60(b)(3) and *Hazel-Atlas*

Because Rainey's claims under Rule 60(b)(3) and under *Hazel-Atlas* both involve allegations of fraud on the court, I will address them together. As a preliminary matter, I note that it was not entirely clear from Rainey's original motion whether Rainey intended to allege fraud on the federal habeas court as well as the state appellate courts.[9] However, Rainey's most recent amendment to his motion clarifies his position that the ADA in fact committed fraud on both the state and federal courts. (Pet'r's Additional Am. Pet.-Mot. 2, Dec. 2, 2009.) It is only fraud on a *federal* court for which Rule 60(b) and *Hazel-Atlas* relief are available. *See Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1284-85 (11th Cir. 2004) (Rule 60(b)), *cert. denied as to relevant appellant*, *Mobley v. Schofield*, 543 U.S. 1091 (2005); *Wells v. King,* No. 09-1842, 2009 U.S. App. LEXIS 17531, at *4 (3d Cir. Aug. 5, 2009) (non-precedential per curiam opinion) (addressing *Hazel-Atlas* motion and stating that the court was "unaware of any power that a federal court has to overturn a *state* criminal conviction obtained by fraud, outside of power authorized by statute; *i.e.* through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254"); *Williams v. Vaughn*, No. 02-1077, 2005 U.S. Dist. LEXIS 31743, at *4-6 (E.D. Pa. Dec. 8, 2005) (discussing similar decisions in other circuits).

---

signed by Kalvin Kahn, as an exhibit to the Rule 60(b) motion. Petitioner's Motion at 6, *Rainey*, 2006 U.S. Dist. LEXIS 74314.

[9] When Rainey has made similar arguments in the past, courts have interpreted him as referring only to the state courts. *See Rainey*, No. 05-182, slip op. at 1 n.1; *Rainey*, No. 338 EDA 2004, slip op. at 1.

However, the presence or absence of the photo array in the federal habeas record was relevant only to that court's reasoning, in dicta, on the merits of his identification claim, which was not determinative of the actual outcome on that issue. I denied relief on that claim in the original federal habeas proceedings because Rainey had procedurally defaulted on the same claim in state court. Although Rainey now appears to allege that his procedural default in state court was the result of fraud, he does not appear to argue that any fraud has tainted the *federal habeas court's finding* of a state procedural default. Rainey has unsuccessfully challenged the federal habeas court's original finding of procedural default in his previous Rule 60(b) petitions. *See Rainey*, 2006 U.S. Dist. LEXIS 74314, at *8 n.2, 9 n.3; *Rainey*, 2007 U.S. Dist. LEXIS 55212, at *9-10. I rejected those challenges because they failed to allege any defect in the federal habeas proceedings, and the Third Circuit has denied Rainey's attempts to seek either leave to file a successive petition, *In re Rainey*, No. 06-4529 (3d Cir. May 25, 2007), or to obtain a certificate of appealability, *Rainey v. Wynder*, No. 07-3448 (3d Cir. Nov. 7, 2007). Although Rainey's current motion does appear to allege a defect in the federal habeas proceedings, Rainey has not explained how any such defect influenced my finding that his identification claim was procedurally defaulted.[10]

Even if Rainey were also to allege some defect in my finding that his claim was procedurally defaulted, his fraud claim is nonetheless barred by the one-year time limit on relief

---

[10] The holdings in *Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), and in *United States ex rel. Thomas v. Maroney*, 406 F.2d 992, 994-95 (3d Cir. 1969), which Rainey cites in his most recent amended motion, are not in conflict with my position. In those cases the Third Circuit reversed, on appeal, the district court's denial of a petition for habeas corpus relief because the district courts had not clearly consulted all of the facts before them that were relevant to the procedural or substantive grounds on which the applications were denied. I am unaware of any Third Circuit precedent stating that a district court must consider all facts relevant to the merits of a habeas claim before it dismisses that claim on unrelated procedural grounds.

under Rule 60(b)(3), combined with the restriction of *Hazel-Atlas* review to "previously unaddressed factual evidence of fraud on the court," *United States v. Burke*, 2008 U.S. Dist. LEXIS 27125, at *9 (E.D. Pa. Apr. 4, 2008), *aff'd*, 321 F. App'x 125 (3d Cir. 2009). Rainey filed this Rule 60(b) motion on June 2, 2009, about eight and a half years after I dismissed his § 2254 petition on December 13, 2000, and over seven years after the Third Circuit denied a certificate of appealability of that judgment on September 13, 2001. Even if I were to allow his motion to relate back to his first Rule 60(b) motion, which he filed on January 14, 2005, his claims would still be untimely under Rule 60(b).

Moreover, the fraud claims that Rainey now raises are not new. Rainey has already repeatedly raised this claim in both federal and state court. *See* Petitioner's Motion at 10-11, *Rainey*, No. 05-182 (alleging that, during the direct appeal proceedings, the Superior Court was "blocked by the clerk of the courts and the district attorney office" from reviewing the array); *Rainey*, No. 338 EDA 2004, at 1 (making similar argument on appeal of the state court's dismissal of his second PCRA petition). Nor has Rainey presented any new evidence of fraud: Rainey apparently provided the same evidence that is attached to his current motion—a pre-trial letter from the DA's office to his current counsel—to the Superior Court in 2004. *Rainey*, No. 338 EDA 2004, at 5. Finally, none of Rainey's proffered evidence is particularly convincing: Rainey has shown only that the District Attorney's office, before trial, required defense counsel to make an appointment to view the photo array and that the office retrieved the photo array at the end of the trial. Rainey has produced no evidence, nor has he even alleged, that he or his counsel requested the District Attorney's office to produce the photo array to any court after trial, much less that the office deliberately withheld the array despite its having been requested.

### 2. Rule 60(b)(4)

Rainey's argument that the decision on the original habeas proceedings is "void" is also without merit. Rainey does not allege that the federal habeas court lacked authority to adjudicate his § 2254 petition but rather alleges that the court failed to consider relevant facts or to apply the correct legal standard. However, neither an incomplete record nor alleged legal or factual errors renders a court's decision void. *See Union Switch & Signal Div. American Standard v. United Elec., Radio and Mach. Workers Local 610*, 900 F.2d 608, 612 n.1 (3d Cir. 1990); *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978). As a result, Rule 60(b)(4) does not entitle Rainey to relief from the dismissal of his first habeas motion.

### 3. Other Miscellaneous Claims

Rainey's other arguments are essentially an attempt to relitigate the merits of his previous habeas petition. Rainey appears to believe that, because the court dismissed his first habeas petition on procedural grounds rather than on the merits of his claims, he is entitled to reargue in his current motion the merits of his habeas claims. (*See, e.g.,* Pet'r's Additional Am. Pet.-Mot. 3-4, Oct. 21, 2009 (citing *Gonzalez* and *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).) However, both *Gonzalez* and *Pridgen* contradict this argument. In *Pridgen*, for example, the district court had denied the original habeas petition on timeliness grounds, not on the merits. *Pridgen*, 380 F.3d at 723. Nevertheless, the Third Circuit held that Pridgen was not entitled to include in his Rule 60(b) motion any arguments that related to the underlying merit of his habeas claim rather than to the federal court's procedural determination. *Id.* at 727 (holding that district court properly considered claims of error during state PCRA proceedings to be, effectively, successive habeas claims). The original habeas petition in *Gonzalez* was also dismissed on timeliness grounds rather than on the merits. *Gonzalez*, 545 U.S. at 527. However, the Supreme

Court clearly stated that the petitioner could use Rule 60(b) only to attack a "nonmerits aspect of the first federal habeas proceeding," such as the habeas court's application of AEDPA's statute of limitations. *Id.* at 534.

Rainey's arguments that the first habeas court misapplied the legal standard for unduly suggestive identification procedures or made its decision without the benefit of an expert on the unreliability of cross-racial identification are essentially attempts either to reargue the merits of his first habeas claim or to add a new ground for relief. *See id.* at 532. Such use of Rule 60(b) would "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* Therefore, to the extent that Rainey attempts to reargue the merits of his identification claim, I will dismiss his claims as the equivalent of an unauthorized successive habeas petition.

## IV.    Conclusion

Rainey has alleged no defect in the integrity of the first habeas proceedings that could reasonably have affected the outcome of those proceedings. Accordingly, I will deny his motion to set aside the judgment dismissing his first § 2254 petition pursuant to Rule 60(b) and *Hazel-Atlas*. To the extent that Rainey's motion attempts to reargue the merits of his identification claim, I will dismiss it as an unauthorized second or successive petition for habeas relief pursuant to 28 U.S.C. § 2244.

## V.    Certificate of Appealability

To the extent that I have construed Rainey's motion as a successive petition for habeas relief pursuant to § 2254, I must also decide whether to issue a certificate of appealability ("COA"). *See* Third Circuit Local Appellate Rule 22.2. The court may issue a COA only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484.

I do not believe that a jurist of reason would find it debatable that, to the extent that Rainey's motion presents claims for relief under § 2254, the motion is an unauthorized successive habeas petition as described in § 2244(b). It is undisputed that Rainey has filed a previous petition pursuant to § 2254, which was dismissed as procedurally defaulted.[11] Therefore, the court will not issue a certificate of appealability with respect to Rainey's habeas claims.

---

[11] In *Slack*, the Supreme Court held that a "habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition" within the meaning of § 2244. 529 U.S. at 485-86. However, when a petition pursuant to § 2254 is dismissed as procedurally defaulted, as Rainey's first petition was, any subsequent petition pursuant to § 2254 is properly regarded as second or successive. *See, e.g.*, *Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998).